

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

HOPETON FITZGERALD FLETCHER, )
   PETITIONER,                )
                              )   CRIMINAL ACTION
                              )
                              )   Crim No: 1:22-cr-00118-001
                              )   USM No:  #94738-509
                              )   HONORABLE JUDGE ALSTON
                              )
v                             )
                              )
                              )   MOTION FOR MODIFICATION OF
                              )   SENTENCE PURSUANT TO
UNITED STATES OF AMERICA,     )   18 USC § 3582(c)(2)
   RESPONDENT.                )   AMENDMENT 821

NOW COMES, HOPETON F FLETCHER[], petitioner proceeding in pro se, in necessity, pursuant to Dutil v Murphy, 550 F3d 154[] 158 (1st Cir 2001)(citing Simmons v United States, 132 SCt 23[] 25 (2001); see also Erickson v Pardus, 551 US 89, 94, 127 SCt[] 2197 (2007), humbly and respectfully moves this Honorable Court for a modification and/or reduction of sentence, pursuant to ... 18 USC § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines.

Petitioner asserts, this application is being made, retroactive as of November 1, 2023.

Petitioner seeks a two-point reduction in his sentence, [] in light of Amendment 821 of the Sentencing Reform Act of 1984.

§ § § § § §

## APPOINTMENT OF COUNSEL

Under the provisions of the Sixth and Fourteenth Amendments to the United States Constitution, and pursuant to the Criminal Justice Act of 1964, as well as federal statute, 18 USC § 3006A Petitioner in this criminal action, is requesting the appointment of counsel, to perfect this pro se filing, which is in necessity.

Petitioner avers, that his is unskilled and unversed in the application of federal law;

Petitioner further avers, that this Honorable Court has a responsibility, a duty, to assign counsel to represent [a]n ... ideally indigent defendant, in accordance with the US Constitution, and his constitutional right, which is <u>guaranteed</u> in <u>ALL</u> criminal proceeding, which includes § 3582 matters, like multiple district courts, in other circuits, including this circuit.

Pursuant to Rule 201(c)(2), relevant factors in determining whether the appointment of counsel is appropriate, when the complexity of the case, the legal arguments and the ability of the litigant to present their claims and whether the indigent party would benefit from the representation of counsel. See Phillips v Jasper County Jail, 437 F3d 791, 794 (8th Cir 2006)(cit[ing] Edington v Missouri Dep't of Corr, 52 F3d 777, 780 (8th Cir [] 1995), abrogated on other ground, Doe v Cassel, 403 F3d 986, 989 (8th Cir 2005).

Petitioner further relies on the language outlined in [t]he Supreme Court ruling, in Boag v MacDougall, 102 SCt 700 (1982) [] which states: "[i]f the Court can reasonably read pleadings [t]o state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or the litigant's unfamiliarity with pleading requirements."

It should be judicially noted, that Petitioner is indigent; and in the informa pauperis status, as he was at his ini[tial] [] sentencing and wherefore cannot afford to retain adequate counsel.

In the interest of justice, Petitioner request the Court to appoint a CJA appointment, to supplement and perfect this pro se filing, which has been submitted in necessity.

§ § § § § §

## GOVERNING AUTHORITY

Federal Courts are forbidden, as a general matter, to <u>modify</u> a term of imprisonment once it has been imposed, bu the rule [o]f <u>finality</u> is subject to a few narrow excpetions. See Freeman [v] United States, 564 US 22, 131 SCt 2685, 2690 (2011).

One such exception, is identified in 18 USC § 3582(c)(2) ... [w]hich states as follows:

> "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range, [] that has <u>subsequently</u> lowered by the Unit[ed] States

Sentencing Commission, the Court may REDUCE the term of imprisonment, after considering the factors set for[th] in 18 USC § 3553(a), to the extent that they are applicable, in such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. If the Court finds a defendant eligible for sentence [] reduction, "[t]he Court may then consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a). See United States v Thompson, 714 F3d 946, 949 [] (6th Cir 2013)(citing Dillon v United States, 560 US 817 826, 130 SCt 2683, 177 LEd2d 271 (2010). "[T]he authorization of such a 'discretionary' reduction, DOES NOT entitle a defendant to a reduced term of imprison[ment] as a matter of right." USSG § 1B1.10 CMT (2015).

§ § § § § §

## APPLICABLE STANDARD

Petitioner avers, that in order to qualify for a retroactive [] application of Amendment 821, a defendant must show that: (1) the defendant was sentenced to a term of imprisonment; (2) that said term of imprisonment was based on a sentencing range that was [] subsequently lowered by the US Sentencing Commission; (3) that [] defendant is still serving the term of imprisonment; and (4) that the relevant amendment was listed for retroactive effect by being listed in USSG § 1B1.10(d). See United States v Armstrong, 347 F 3d 905, 909 (11th Cir 2003).

Petitioner further asserts, even if generally eligible for such a reduction, a defendant must then show that such is consistent with the Commission's policy statement, found at USSG § 1B1.10 by demonstrating that application has the effect of lower[ing]

the defendant's applicable guidelines range. See USSG § 1B1.10 (a)(2)(B).

Secondly, in a § 3582(c)(2) proceeding, it requires that [] the Court consider the factors listed in 18 USC § 3553(a), to [] the extent they are consistent with § 1B1.10. See United States v Bravo, 203 F3d 778, 781 (11th Cir 2000).

This evaluation includes [a]n analysis of [a]ny danger too the community, that the defendant may pose, which in this case, there is none. See USSG § 1B1.10 app n 1(b)(iii), as well as [] [a]ny post-sentencing conduct by the defendant. See Pepper [v] United States, 131 SCt 1229 (2011)("[e]vidence of post sentencing rehabilitation, may be highly relevant to several of the § 3553 (a) factors. See Exhibit A.

§ § § § § §

ARMSTRONG ANALYSIS

Petitioner was sentenced by this Honorable Court, to a term of imprisonment, that was to be served in the Federal Bureau of Prisons, followed by supervised release.

May it be judicially noted, that Petitioner is current[ly] serving that sentence imposed. This satisfies the first and the third criterion for eligibility under Amendment 821.

Subsequently, Amendment 821 has lowered the standard that would be imposed, if Petitioner were sentenced today, for the[]

very same conduct, as it will have reduced by two points, those who have status points | criminal history points | zero po[int] offenders | and criminal history category.

Petitioner avers, that with this new retroactive application, they satisfy the second criteria which is outlined [very] clearly in <u>Armstrong</u>.

And finally, because Amendment 821(b), has been listed in USSG § 1B1.10(d)-for retroactivy, the Petitioner in this action is nominally eligible for a sentence reduction under 18 USC 3582(c)(2).

§ § § § § §

<u>SENTENCING COMMISSION POLICY STATEMENT</u>

In addition to the above, § 1B1.10(b), requires that the Petitioner pose <u>NO</u> threat or danger to the community, shou[ld] their sentence be reduced. To this end, Petitioner presents [] that the commentary to Amendment 821 itself, provides at least one basis for reduction, that they do not pose a danger and/or threat to the community, should this Honorable Court find that [a]n reduction is otherwise appropriate, as the Amendment is [] based on finding that those who nominally qualify, are <u>NOT</u> likely to re-offend and/or recidivate at a substantial rate. See Amendment 821, at 7.

At best, Amendment 821 is factually and/or legally complex; It includes Part A and Part B, and both consist of [mul]tiple if

variants; the facts alledged are NOT straight forward and managable, consisting of various eligibility factors. See Concepcion v United States, 142 SCt 2389, 2403, 2402 (2022)("[t]he First [] Step Act allows district Courts to consider intervening change of law, in exercising a Court's discretion to reduce a sentence).

Concepcion, also governs the premise that District Courts, must consider other legal and factual changes, when deciding to whether or not, to impose a reduced sentence.

§ § § § § §

## POST CONVICTION REHABILITATION

Section § 3553(a)(1), addresses the "nature and the circumstances of the offense and the history, as well as the character of the defendant, including - rehabilitation." Section § 3553(a)(2)(B), addresses the need for the sentence imposed, "to afford 'adequate deterrence' to criminal conduct." Section § 3553(a)(2)(C), addresses the need to the sentence imposed, to "protect the public from further crimes of the defendant." Lastly, Section § 3553(a)(2)(D), addresses the need for the sentence [] "to provide the defendant with needed educational and/or vocational training, in the most effective way, allowing rehabilitation." See Pepper v United States, 131 SCt 1229 (2011)(cit[ing] United States v Torres-Rivera, 15-204 (1st Cir 10/18/2017)([t]he Appellate Court for the First Circuit ruled in this matter and after the District Courts denial, "noting that the defend[ant]

had completed several educational courses and he made substantial efforts to procure his own rehabilitation by studying [a]nd working).

In further support of Petitioner's claim, they aver, that, according to the BLACKS LAW DICTIONARY 1341, 10th Edition (2014) defines <u>REHABILITATION</u>, in terms of criminal law:

> "The process of seeking to improve a criminal's[] character and outlook, so that they can function in society, without committing other crimes." [Rehabilitation is traditional theory of criminal punishment, along with deterence and retribution]

Petitioner has demonstrated this behavior, by programming in various programs offered in the Bureau of Prisons. Please see Exhibit A.

May it be duly noted, that Petitioner has sincere remorse for their criminal indiscretions, and that they are highly and most importantly, unlikely to reoffend; or pose a threat to [] the community. See United States v Phillips, 469 F Supp 3d 180, 185 (SDNY 2020)(rehabilitation remains relevant to whether ... there are extraordinary and compelling reason for a reduction in sentence); United States v Fisher, 493 F Supp 3d 231, 237 [] (SDNY 2021)(the defendant rehabilitated himself, despite having no realistic hope of release).

Lastly, in light of Amendment 821, a two-point reduction in sentence, will still reflect the serious of the offense; [] promote respect for the law; provide a just punishment, deterence and community protections. See United States v Zukerman,

2020 WL 1659880 (SDNY 4/3/2020)(citation omitted).

§ § § § § §

## CONCLUSION

WHEREFORE, ALL PREMISES CONSIDERED, the US Sentencing Commission has seen fit, to, thorough analysis of actual data and, the results of prior policies having been proved ineffective [ ] to lower the range of the sentence that the Petitioner in [t]his action, would be subject too, if they were sentenced today.

In addition to this reduction, the US Sentencing Commission found that Amendment 821, should be applied retroactively; [a]nd it should be judicially noted, that all of the relevant criteria match the request for a two-point reduction and this Court should do so at this time.

Petitioner, further requests the appointment of counsel, pursuant to 18 USC § 3006A, under the Criminal Justice Act of 1964, in light of the guarantees outlined in the United States Constitution, Sixth and Fourteenth Amendments.

Petitioner makes this request, due to the complexities of Amendment 821 and to perfect their pro se filing.

This petition/motion is a PRAYER for relief.

Respectfully submitted on this 5th day of April 2024.

/s/ _____
HOPETON FITZGERALD FLETCHER
USP ATLANTA    PO Box 150160
Atlanta, GA    30315-4400

## JUDICIAL NOTICE

Pursuant to Rule 201(c)(2), and it's governing authorities, Petitioner, [] HOPETON FITZGERALD FLETCHER , humbly and respectfully requests that this Honorable Court, PLEASE take [J]UDICIAL NOTICE, to the holding by the Supreme Court, in it's landmark [] decision in Pepper v United States, 562 US 476, 131 SCt 1226 [] (2011)(citing 18 USC § 3553(a)(1)).

Using the language in Pepper, Petitioner in this action, [] urges this Honorable Court, to place significan weight on his [] post-sentencing conduct, as it "provides the most up-to-date picture of his 'history and characteristics.'"

Petitioner further notes, that his evidence of post sentencing rehabilitative efforts, may be highly relevant to sever[al] of the § 3553(a) factors, including deterence, community safety and treatement.

These efforts may also critically inform a sentencing judge his/her overarching duty to impose a sentence sufficient, but [] NOT greater than necessary. Pepper, at 1267.

WHEREFORE, Petitioner HOPETON FITZGERALD FLETCHER, PRAYS [] that this Honorable Court, PLEASE take JUDICIAL NOTICE to [t]he his achievement's and accolade's, even in the light of the pandemic, where he read a plethora of self help books.[2]

---

[2]Lancaster 997 F3d at 175 ("[a]nd in considering the § 3553(a) factors, the court can take into account, a defendant's conduct after his initial sentencing"); United States v McDonald, 986 F3d 402, 410-12 (4th Cir 2021)(noting that on a motion to reduce sentence ... a district court must consider the defendant's post-sentencing conduct).